NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

J. W. MAYS, INC., Respondent.

No. 828, Docket 74–2496.

United States Court of Appeals,
Second Circuit.

Argued June 13, 1975.

Decided June 30, 1975.

Thomas A. Woodley, Atty., NLRB, Washington, D. C. (Peter G. Nash, Gen. Counsel; John S. Irving, Deputy Gen. Counsel; Patrick Hardin, Associate Gen. Counsel; Elliott Moore, Deputy Associate Gen. Counsel; Allison W. Brown, Jr., Atty., on the brief), for petitioner.

Seymour W. Miller, New York City (Miller & Seeger, New York City, on the brief), for respondent.

Before FEINBERG and VAN GRAAFEILAND, Circuit Judges, and WARD, District Judge.*

PER CURIAM:

The National Labor Relations Board petitions this court for enforcement of its Order, issued September 27, 1974, against J. W. Mays, Inc.[1] Finding substantial evidence on the record as a whole to support the Board's finding that Mays violated sections 8(a)(1), (3) and (4) of the National Labor Relations Act, 29 U.S.C. §§ 158(a)(1), (3), (4), we grant the Board's petition with slight modification.

Evidence produced at the unfair labor practice hearing showed the following: Mays is a greater New York area department store chain. In the winter of 1972–73, its Massapequa, New York, store became the target of a union organization attempt directed at its maintenance employees. Cards were solicited and a representation hearing was held. It was there determined that the unit sought by the union was inappropriate because certain job-related employees were not included. Michael Brandt, an employee who had testified on behalf of the union at the hearing, then sought union authorization cards from those employees. In this period, the company had become concerned about this union activity and certain supervisors began to monitor it carefully. A few employees were interrogated about their union

---

* Of the United States District Court for the Southern District of New York, sitting by designation.

1. The Board's Decision and Order is reported at 213 N.L.R.B. No. 49.

sympathies, some were told that whether the union was successful or not Mays was going to get rid of them "one way or the other," and the word was passed that all hope for advancement was gone. Finally, Brandt was fired for violating a no-solicitation "rule" otherwise more honored in the breach.

 The extensive brief submitted by Mays analyzes the evidence in enormous detail and urges inferences contrary to those made by the Administrative Law Judge and by the Board. However, such fact-finding is not our province. After careful review, we have no doubt that there is substantial evidence on the record as a whole to support the Board's findings.[2] Mays also argues, almost in passing,[3] that the breadth of the Board's Order in unwarranted. Apparently, Mays objects to inclusion of the phrase "or any other labor organization" in the Notice to Employees that the Board has required Mays to post.[4] Mays notes that we struck such a phrase from a Board order in NLRB v. J. W. Mays, Inc., 356 F.2d 693, 698 (2d Cir. 1966), and asks us to do so again. In view of that prior finding of unfair labor practices involving another union and the evidence in this record of hostility to unionization in general and to two local unions in particular, we decline to modify the Notice in this respect. Cf. Fremont Newspapers, Inc. v. NLRB, 436 F.2d 665, 675 (8th Cir. 1970). Mays also objects to inclusion of "in any other manner" in the Order's list of Thou Shalt Nots. We have recently indicated that this language "should be reserved for egregious cases," Trico Products Corp. v. NLRB, 489 F.2d 347, 354 (2d Cir. 1973), and this case does not fall in that category. We leave for another day consideration of whether our statement unduly restricts the broad discretion of the Board in fashioning remedial orders. The Order is modified by using the word "similar" in place of the word "other" in the phrase "or in any other manner," which now appears in paragraph 1(b) of the Order. Cf. Fremont Newspapers, Inc., supra, 436 F.2d at 674–75.

The Board's petition for enforcement of its Order, as modified, is granted.

---

2. Neither the Administrative Law Judge nor the Board accepted the charges of unfair labor practices uncritically. The Administrative Law Judge concluded that there was insufficient evidence to warrant a finding that the termination of three employees, other than Brandt, violated the Act. As to a fourth (Laura Gribbins), the Administrative Law Judge found that her transfer and termination were discriminatorily motivated, but the Board dismissed the charges as to her.

3. Only two pages of a 65-page brief are devoted to the "overbroad" Order.

4. We do not find this language in the body of the Order itself.